UNITED STATES of America,
Plaintiff, Appellee,

v.

Dale M. BREGNARD, Defendant,
Appellant.

No. 91–1381.

United States Court of Appeals,
First Circuit.

Heard Oct. 8, 1991.

Decided Dec. 23, 1991.

Robert B. Mann, with whom Mann & Mitchell, Providence, R.I., was on brief for defendant, appellant.

Margaret E. Curran, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty. and Edwin J. Gale, Asst. U.S. Atty., Providence, R.I., were on brief for plaintiff, appellee.

Before BREYER, Chief Judge,
TORRUELLA, Circuit Judge, and
WOODLOCK,* District Judge.

TORRUELLA, Circuit Judge.

Dale Bregnard pled guilty to one count of violating 18 U.S.C. § 922(g)(1), which criminalizes the possession of a firearm by

---

* Of the District of Massachusetts, sitting by designation.

a convicted felon. Because Bregnard had at least three prior convictions for violent felonies, the government sought to enhance his sentence under the provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). The district court found that Bregnard had sufficient predicate crimes for the § 924(e) enhancement and therefore, it sentenced Bregnard to fifteen years without parole, followed by a three-year term of supervised release. Bregnard appeals and we affirm.

# I

On December 31, 1989, the police of Warren, Rhode Island received an anonymous tip that a man fitting Bregnard's description was at a bar in possession of a firearm. The police went to the bar and when they frisked Bregnard, they found a fully loaded, nine millimeter, semi-automatic pistol in a shoulder holster concealed beneath his jacket.

On January 30, 1990, Bregnard was indicted by a federal grand jury in the District of Rhode Island. The one-count indictment charged him with being a convicted felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). On May 15, 1990, the government filed an information charging that the defendant had four prior convictions for violent felonies and therefore qualified as an "armed career" criminal, subject to the enhancement provision of 18 U.S.C. § 924(e). The convictions used by the government were: (1) robbery in 1974; (2) breaking and entering in the night time with intent to commit larceny in 1974; (3) assault and battery in 1976; and (4) assault and battery in 1985.

Prior to sentencing, Bregnard filed a motion to dismiss the indictment and a supplemental motion in which he argued, among other things, that two of the predicate offenses—the breaking and entering conviction and the assault and battery convictions—were not within the purview of the § 924(e) enhancement. At sentencing, the district court relied on the presentence report to find that the two assault and battery convictions constituted predicate crimes for the § 924(e) enhancement because both offenses involved the threat or use of physical force on another. Although the district court judge did not specifically rule on whether the breaking and entering conviction was a proper predicate for the enhancement, he suggested that *United States v. Patterson*, 882 F.2d 595 (1st Cir.1989), *cert. denied*, 493 U.S. 1027, 110 S.Ct. 737, 107 L.Ed.2d 755 (1990), foreclosed the issue and Bregnard's argument to the contrary.

On appeal, Bregnard raises two issues. First, he argues that the district court erred in finding that the government had proved three prior violent felonies as required under the provision of the enhancement statute, 18 U.S.C. § 924(e).[1] Second, he claims that the enhancement of his sentence on the basis of state convictions labeled misdemeanors by the state, but punishable by a maximum term of more than two years imprisonment, is contrary to *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and amounts to a denial of the equal protection of the law.

# II

The sentencing enhancement provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e) provides that:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such

---

1. Bregnard does not contest that the robbery conviction constitutes a predicate felony for the § 924(e) enhancement.

person shall not be eligible for parole with respect to the sentence imposed under this subsection.

Violent felony as used in section 924(e) is defined as

any crime punishable by imprisonment for a term exceeding one year, ... that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; ...

Bregnard has never disputed that he has been convicted as alleged in the information filed by the government. More importantly, Bregnard has never objected to the descriptions of his criminal conduct in the presentence report. His claim is that the breaking and entering conviction and the two assault and battery convictions are not proper predicate crimes for the § 924(e) enhancement. Because we find that the two assault and battery convictions constitute predicate crimes under § 924(e)— which together with the robbery conviction constitute three convictions as required for the § 924(e) enhancement—we need not consider Bregnard's challenge to the district court's use of the breaking and entering conviction.

## THE ASSAULT AND BATTERY CONVICTIONS

■ Bregnard alleges that his two assault and battery convictions cannot be considered proper predicate offenses for enhancement because they are not convictions for a crime involving the use, attempted use, or threatened use of physical force against another. 18 U.S.C. § 924(e)(2)(B)(i). Bregnard suggests that under *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the assault and battery offenses for which he was convicted do not constitute "violent felonies."

In *Taylor*, the defendant pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

The defendant had four prior convictions, including two for second-degree burglary under Missouri law. Pursuant to 18 U.S.C. § 924(e), the government sought a sentence enhancement. The Supreme Court held that when Congress listed "burglary" as a violent felony under § 924(e), it intended to include a crime that has the basic elements of a "generic" burglary—i.e., an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime. Since some of the Missouri statutes defining second-degree burglary did not include all the elements of generic burglary, and it was unclear under which of Missouri's second-degree burglary statutes the defendant was convicted, the Supreme Court remanded the case.

Although *Taylor* involved the analysis of a crime specifically listed in § 924(e)(2)(B)(ii), the Supreme Court adopted a formal categorical approach applicable to the entire enhancement statute. Under this categorical approach, the sentencing court examines "the statutory definitions of the prior offenses, and not ... the particular facts underlying those convictions." 110 S.Ct. at 2159. However, in a narrow range of cases, the sentencing court goes beyond the "mere fact of conviction" to the charging papers or jury instructions to determine whether the prior offense is a violent felony under § 924(e). *Id.* at 2160.

■ Both of Bregnard's assault and battery convictions were under Mass.Gen.L. ch. 265, § 13A, which provides that "[w]hoever commits an assault or an assault and battery upon another shall be punished by imprisonment for not more than two and one half years." The government concedes that the Massachusetts assault and battery statute includes conduct that does not constitute a violent crime. Therefore, this is a case where the court must look beyond the statute to determine whether the assault and battery convictions involved crimes which had "as an element the use, attempted use, or threatened use of physical force

against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

■ The district court relied on the presentence report's description of the offenses to conclude that Bregnard had committed three previous violent felonies.[2] Bregnard did not object to the factual narrative of his prior convictions,[3] nor has he asserted that it was erroneous for the district court to rely on the presentence report. Time and again we have held that facts stated in presentence reports are deemed admitted if they are not challenged in the district court. *See, e.g., United States v. Dietz*, 950 F.2d 50, 55–56 (1st Cir.1991); *United States v. Wilkinson*, 926 F.2d 22, 29 (1st Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 2813, 115 L.Ed.2d 985 (1991). *Cf. United States v. Payton*, 918 F.2d 54, 56 (8th Cir.1990) (holding that defendant's admission at sentencing hearing that he had committed generic burglary coupled with the description in the information of the conviction for burglary was sufficient to find generic burglary under *Taylor* ).

The presentence report relates that on July 8, 1976, Bregnard pled guilty to assaulting one Jeffrey Hayden with intent to cause physical harm and injury. He received an eleven month sentence. On January 28, 1984, Bregnard and an accomplice waited for Wilfred Cameron as he was leaving his home. When Cameron attempted to resist, Bregnard and his companion assaulted him. Bregnard was charged with assault and battery and larceny. Although the larceny count was not prosecuted because the victim recanted his testimony on that count, Bregnard pled guilty to the assault and battery charge and re-

ceived a one year suspended sentence. These facts, underlying both convictions for assault and battery, leave no doubt that Bregnard's conduct "ha[d] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Congress' intent in enacting the sentencing enhancement provision of the Armed Career Criminal Act was to strengthen the law enforcement efforts of the states by enhancing the punishment of "career" offenders. *Taylor v. United States*, 110 S.Ct. at 2149. The presentence report demonstrates that Bregnard is not a casual offender. His criminal history is extensive, dating back to 1969 and ranging from convictions for possession of stolen goods, forgery, extortion, intimidation of witness, larceny and various drug related offenses to being charged with breaking and entering at nighttime, assault and battery on a police officer, threatening burglary, conspiracy to commit armed robbery, sodomy and other violent criminal conduct. In sum, Bregnard's criminal history displays the attributes which Congress considered before branding someone a "career" criminal.

## III

■ Bregnard makes two final arguments. First, citing *Taylor*, Bregnard asserts that because Massachusetts has labelled his assault and battery convictions as misdemeanors, they may not be characterized as violent felonies for purposes of the section 924(e) enhancement. But, as Bregnard concedes,[4] *Taylor* upholds the principle that the construction of federal laws—i.e., the enhancement statute—is not dependent upon state law.

The felony component of the term "violent felony" in section 924(e) is defined in

---

**2.** Because the presentence report is sufficient basis to support the government's position in this appeal we are not required to address the government's motion to supplement the record with certified court files regarding appellant's convictions. We note, however, that the government's effort to supplement the record in this fashion is contrary to normal appellate practice. "[W]e are not at liberty to consider the new [material]. It was not before the District Court

for h[is] determination. It can play no part in ours." *United States v. Pacheco–Ortiz,* 889 F.2d 301, 307 n. 3 (1st Cir.1989).

**3.** He was given an opportunity to challenge the descriptions pursuant to Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure.

**4.** Brief of Appellant at 36.

18 U.S.C. § 921(a)(20) to exclude "any State offense classified by the State as a misdemeanor and punishable by a term of imprisonment of two years or less." Since Bregnard's assault and battery convictions carry a maximum term of "greater than two years," they are "violent felonies" as that term is defined in section 924(e).

 Bregnard's final argument is similarly unconvincing. He asserts that a person is denied equal protection of the law when the enhancement of his sentence is dependent upon whether or not he committed two misdemeanor offenses in Massachusetts or its neighboring state, Rhode Island. Bregnard, however, does not claim that Massachusetts had no rational basis for providing a two and a half year term of incarceration for the crime of assault and battery. *See, e.g., Rummel v. Estelle*, 445 U.S. 263, 284, 100 S.Ct. 1133, 1144, 63 L.Ed.2d 382 (1980). Nor has he claimed that Congress had no rational basis for defining "violent felony" under § 924(e) to include offenses that may be labelled as misdemeanors by state law, but are punishable by imprisonment "greater than two years."

The mere fact that application of the § 924(e) enhancement is ultimately predicated on the definition of crimes that may vary from state to state is insufficient to conclude that § 924(e) violates the equal protection of the law. It is beyond dispute that as long as Congress does not use an invidious or suspect classification, it has broad power under the commerce clause to define the class of criminals to whom the enhancement statute applies. *See, e.g., United States v. Houston*, 547 F.2d 104, 107 (9th Cir.1976). As the Ninth Circuit stated in upholding the predecessor of § 922 (18 U.S.C. § 1202 (prohibiting receipt of firearms by convicted felons)) against an equal protection challenge:

> It was entirely rational for Congress to conclude that its primary source of reference should be the maximum permissible punishment under the applicable law, and that this statutory scheme would provide a well-defined and uniform guideline to determine which persons should be subject to [the penalty of the statute].
>
> *Id.*

The judgment of the district court is *affirmed*.