May 3, 1993
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-1614

 UNITED STATES OF AMERICA,

 Plaintiff, Appellee,

 v.

 DANIEL FRANCO,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ronald R. Lagueux, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Selya and Stahl, Circuit Judges. 
 

 

 Scott A. Lutes, on brief for appellant.
 
 Lincoln C. Almond, United States Attorney, and Stephanie S.
 
Browne, Assistant United States Attorney, on brief for appellee.
 

 

 

 Per Curiam. Defendant, Daniel Franco, pleaded
 

guilty to a one count indictment charging him with unlawful

possession of firearms after having been convicted of a

felony, in violation of 18 U.S.C. 922(g). He appeals the

court's finding that he was subject to sentence enhancement

as an armed career criminal under 18 U.S.C. 924(e)(1), the

sentencing range calculation under 4B1.4 of the Sentencing

Guidelines, and the imposition upon him of the costs of

supervised release.

 The brief filed by defendant's attorney states that

the first two grounds on appeal are raised in accordance with

Anders v. California, 386 U.S. 738 (1967), thus indicating
 

the attorney's view that they are not meritorious. Defendant

has been accorded an opportunity to file additional

arguments, which he has not done.

 The brief shows that defendant's attorney has

conducted the required detailed review and analysis of the

case. Penson v. Ohio, 488 U.S. 75, 81 n.4 (1988). Counsel
 

has also actively pursued the one arguable point on appeal,

and the prosecution has now conceded it. As we agree that

the Anders-briefed issues are indeed frivolous, and we find
 

no other arguable legal issues after reviewing the record,

the case may be determined without further adversarial

presentation. Penson, 488 U.S. at 82, 83-84.
 

 -2-

 Under 924(e) a person convicted of violating 

922(g) is subject to sentence enhancement if he has three

previous convictions for a violent felony or a serious drug

offense or both. Defendant concedes that two of his prior

offenses were properly classified as "violent" felonies under

18 U.S.C. 924(e).1 He takes issue, however, with the

court's classification of three other prior felony

convictions as "violent." Two of the three convictions at

issue were entered on pleas of nolo contendere to charges of

breaking and entering under R.I. Gen. Laws 11-8-3 (1969),

R.I. Gen. Laws 11-8-3 (1981); the third was on a plea of

guilty to assault with a dangerous weapon under R.I. Gen.

Laws 11-5-2 (1969). 

 As to the two breaking and entering convictions,

defendant argues that these crimes do not qualify as

predicate "violent" offenses because the state's statutory

 

1. 924(e)(2)(B) defines "violent" felony as: 
 ... any crime punishable by imprisonment
 for a term exceeding one year, or any act
 of juvenile delinquency involving the use
 or carrying of a firearm, knife, or
 destructive device that would be
 punishable by imprisonment for such term
 if committed by an adult, that --
 (i) has as an element the use,
 attempted use or threatened use of
 physical force against the person of
 another; or
 (ii) is burglary, arson, or
 extortion, involves the use of
 explosives, or otherwise involves conduct
 that presents a serious potential risk of
 physical injury to another ....

 -3-

definition refers to several offenses, some of which fall

outside the generic definition of "burglary." The state's

definition also does not include a separately stated element

of violence. The charging documents in these cases, however,

clearly reveal that in each case defendant was convicted of a

felony that fell squarely within the "generic" definition of

burglary (unlawful entry of an apartment with the intent of

committing larceny, and unlawful entry of a building with the

intent of committing larceny). Taylor v. United States, 495
 

U.S. 575, 598 (1990); see United States v. Paleo, 967 F.2d 7,
 

10 (1st Cir. 1992) (when statute includes both generic and

non-generic burglaries, sentencing court may look to the

charging documents). Despite the absence of a separately

stated element of violence, Congress included these crimes

among the predicate "violent" crimes under 924(e) because

of their "inherent potential for harm to persons." Taylor,
 

495 U.S. at 588; Paleo, 967 F.2d at 10. 
 

 Defendant's conviction for assault with a dangerous

weapon is also properly included as a predicate "violent"

crime for sentence enhancement purposes under 924(e)(1).

By definition, this crime "has as an element the use,

attempted use, or threatened use of physical force against

the person of another." 18 U.S.C. 924(e)(2)(B)(i); Taylor,
 

495 U.S. at 600-601. Accordingly, we need not look beyond

the fact of conviction to determine that the crime is an

 -4-

appropriate predicate offense. United States v. Bregnard,
 

951 F.2d 457, 459 (1st Cir. 1991) (Taylor's categorical
 

approach extends to the entire enhancement statute), cert.
 

denied, 112 S. Ct. 2939 (1992).2 Defendant's argument that
 

 924(e)(2)(B) defines assaults as violent predicate

offenses only if they are accomplished with a "gun, knife or

destructive device" misreads the federal statute. The quoted

language qualifies only crimes of juvenile delinquency; it is

irrelevant to crimes committed by adult offenders. 

 We also find no error in the application of the

sentencing guidelines. As defendant was subject to an

enhanced sentence under 924(e), his offense level was

properly determined under 4B1.4(a)(b)(3) to be 33. With a

decrease of two points for acceptance of responsibility to

31, and a criminal history level of VI, the court correctly

found the guideline range to be 188-235 months. As an aside,

 

2. Defendant seemingly argues that since he was charged
with using an object that was not inherently dangerous, "to
wit, a stick," the state statute necessarily includes
potentially "unharmful" types of assault. This argument is
belied by the statutory definition itself, which requires a
"dangerous" weapon, and by the Rhode Island courts' reading
of the statute as requiring "an unlawful offer to do corporal
injury to another under such circumstances as may create a
reasonable apprehension of immediate injury ... coupled with
a present ability to carry the offer into effect." State v.
 
Jeremiah, 546 A.2d 183, 186 (R.I. 1988). The object itself
 
must be either an inherently dangerous object or used in such
a way that serious bodily harm may have resulted. State v.
 
Mercier, 415 A.2d 465, 467 (R.I. 1980). Compare with the
 
statute discussed in United States v. Harris, 964 F.2d 1234
 
(1st Cir. 1992), and Bregnard, 951 F.2d at 459-60. 
 

 -5-

we note a typographical error on the sentencing report, page

5, where, despite a correct computational result, the total

offense level is reported as "23." The district court may

correct this error at any time under Fed. R. Crim. P. 36.

 Lastly, defendant argues, and the government now

concedes, that in light of this court's decision in United
 

States v. Corral, 964 F.2d 83, 84 (1st Cir. 1992), issued one
 

day after the sentence imposed here, the costs of supervised

release should not have been imposed on the defendant, who

was found indigent. We thus vacate that portion of the

sentence. In accordance with Anders we have
 

examined the entire record and find no other meritorious

issues for appeal. Counsel's attention is directed to Loc.

R. 45.6.

 Accordingly the judgment below is affirmed in part
 

and vacated and remanded in part for corrections in
 

accordance with this opinion. 

 -6-