USCA1 Opinion

 

 May 3, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1614 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. DANIEL FRANCO, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ___________________ Scott A. Lutes, on brief for appellant. ______________ Lincoln C. Almond, United States Attorney, and Stephanie S. _________________ ____________ Browne, Assistant United States Attorney, on brief for appellee. ______ __________________ __________________ Per Curiam. Defendant, Daniel Franco, pleaded ___________ guilty to a one count indictment charging him with unlawful possession of firearms after having been convicted of a felony, in violation of 18 U.S.C. 922(g). He appeals the court's finding that he was subject to sentence enhancement as an armed career criminal under 18 U.S.C. 924(e)(1), the sentencing range calculation under 4B1.4 of the Sentencing Guidelines, and the imposition upon him of the costs of supervised release. The brief filed by defendant's attorney states that the first two grounds on appeal are raised in accordance with Anders v. California, 386 U.S. 738 (1967), thus indicating ______ __________ the attorney's view that they are not meritorious. Defendant has been accorded an opportunity to file additional arguments, which he has not done. The brief shows that defendant's attorney has conducted the required detailed review and analysis of the case. Penson v. Ohio, 488 U.S. 75, 81 n.4 (1988). Counsel ______ ____ has also actively pursued the one arguable point on appeal, and the prosecution has now conceded it. As we agree that the Anders-briefed issues are indeed frivolous, and we find ______ no other arguable legal issues after reviewing the record, the case may be determined without further adversarial presentation. Penson, 488 U.S. at 82, 83-84. ______ -2- Under 924(e) a person convicted of violating 922(g) is subject to sentence enhancement if he has three previous convictions for a violent felony or a serious drug offense or both. Defendant concedes that two of his prior offenses were properly classified as "violent" felonies under 18 U.S.C. 924(e).1 He takes issue, however, with the court's classification of three other prior felony convictions as "violent." Two of the three convictions at issue were entered on pleas of nolo contendere to charges of breaking and entering under R.I. Gen. Laws 11-8-3 (1969), R.I. Gen. Laws 11-8-3 (1981); the third was on a plea of guilty to assault with a dangerous weapon under R.I. Gen. Laws 11-5-2 (1969). As to the two breaking and entering convictions, defendant argues that these crimes do not qualify as predicate "violent" offenses because the state's statutory ____________________ 1. 924(e)(2)(B) defines "violent" felony as: ... any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that -- (i) has as an element the use, attempted use or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another .... -3- definition refers to several offenses, some of which fall outside the generic definition of "burglary." The state's definition also does not include a separately stated element of violence. The charging documents in these cases, however, clearly reveal that in each case defendant was convicted of a felony that fell squarely within the "generic" definition of burglary (unlawful entry of an apartment with the intent of committing larceny, and unlawful entry of a building with the intent of committing larceny). Taylor v. United States, 495 ______ _____________ U.S. 575, 598 (1990); see United States v. Paleo, 967 F.2d 7, ___ _____________ _____ 10 (1st Cir. 1992) (when statute includes both generic and non-generic burglaries, sentencing court may look to the charging documents). Despite the absence of a separately stated element of violence, Congress included these crimes among the predicate "violent" crimes under 924(e) because of their "inherent potential for harm to persons." Taylor, ______ 495 U.S. at 588; Paleo, 967 F.2d at 10. _____ Defendant's conviction for assault with a dangerous weapon is also properly included as a predicate "violent" crime for sentence enhancement purposes under 924(e)(1). By definition, this crime "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. 924(e)(2)(B)(i); Taylor, ______ 495 U.S. at 600-601. Accordingly, we need not look beyond the fact of conviction to determine that the crime is an -4- appropriate predicate offense. United States v. Bregnard, ______________ ________ 951 F.2d 457, 459 (1st Cir. 1991) (Taylor's categorical ________ approach extends to the entire enhancement statute), cert. _____ denied, 112 S. Ct. 2939 (1992).2 Defendant's argument that ______ 924(e)(2)(B) defines assaults as violent predicate offenses only if they are accomplished with a "gun, knife or destructive device" misreads the federal statute. The quoted language qualifies only crimes of juvenile delinquency; it is irrelevant to crimes committed by adult offenders. We also find no error in the application of the sentencing guidelines. As defendant was subject to an enhanced sentence under 924(e), his offense level was properly determined under 4B1.4(a)(b)(3) to be 33. With a decrease of two points for acceptance of responsibility to 31, and a criminal history level of VI, the court correctly found the guideline range to be 188-235 months. As an aside, ____________________ 2. Defendant seemingly argues that since he was charged with using an object that was not inherently dangerous, "to wit, a stick," the state statute necessarily includes potentially "unharmful" types of assault. This argument is belied by the statutory definition itself, which requires a "dangerous" weapon, and by the Rhode Island courts' reading of the statute as requiring "an unlawful offer to do corporal injury to another under such circumstances as may create a reasonable apprehension of immediate injury ... coupled with a present ability to carry the offer into effect." State v. _____ Jeremiah, 546 A.2d 183, 186 (R.I. 1988). The object itself ________ must be either an inherently dangerous object or used in such a way that serious bodily harm may have resulted. State v. _____ Mercier, 415 A.2d 465, 467 (R.I. 1980). Compare with the _______ _______ statute discussed in United States v. Harris, 964 F.2d 1234 _____________ ______ (1st Cir. 1992), and Bregnard, 951 F.2d at 459-60. ________ -5- we note a typographical error on the sentencing report, page 5, where, despite a correct computational result, the total offense level is reported as "23." The district court may correct this error at any time under Fed. R. Crim. P. 36. Lastly, defendant argues, and the government now concedes, that in light of this court's decision in United ______ States v. Corral, 964 F.2d 83, 84 (1st Cir. 1992), issued one ______ ______ day after the sentence imposed here, the costs of supervised release should not have been imposed on the defendant, who was found indigent. We thus vacate that portion of the sentence. In accordance with Anders we have ______ examined the entire record and find no other meritorious issues for appeal. Counsel's attention is directed to Loc. R. 45.6. Accordingly the judgment below is affirmed in part ________________ and vacated and remanded in part for corrections in _________________________________ accordance with this opinion. -6-