993 F.2d 1531
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Plaintiff, Appellee,
v.
Daniel FRANCO, Defendant, Appellant.
 No. 92-1614.
 United States Court of Appeals,
First Circuit.
 May 3, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND
 Scott A. Lutes, on brief for appellant.
 Lincoln C. Almond, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, on brief for appellee.
 D.R.I.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before Breyer, Chief Judge, Selya and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Defendant, Daniel Franco, pleaded guilty to a one count indictment charging him with unlawful possession of firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). He appeals the court's finding that he was subject to sentence enhancement as an armed career criminal under 18 U.S.C. § 924(e)(1), the sentencing range calculation under § 4B1.4 of the Sentencing Guidelines, and the imposition upon him of the costs of supervised release.
 
 
 2
 The brief filed by defendant's attorney states that the first two grounds on appeal are raised in accordance with Anders v. California, 386 U.S. 738 (1967), thus indicating the attorney's view that they are not meritorious. Defendant has been accorded an opportunity to file additional arguments, which he has not done.
 
 
 3
 The brief shows that defendant's attorney has conducted the required detailed review and analysis of the case. Penson v. Ohio, 488 U.S. 75, 81 n.4 (1988). Counsel has also actively pursued the one arguable point on appeal, and the prosecution has now conceded it. As we agree that the Anders-briefed issues are indeed frivolous, and we find no other arguable legal issues after reviewing the record, the case may be determined without further adversarial presentation. Penson, 488 U.S. at 82, 83-84.
 
 
 4
 Under § 924(e) a person convicted of violating § 922(g) is subject to sentence enhancement if he has three previous convictions for a violent felony or a serious drug offense or both. Defendant concedes that two of his prior offenses were properly classified as "violent" felonies under 18 U.S.C. § 924(e).[1] He takes issue, however, with the court's classification of three other prior felony convictions as "violent." Two of the three convictions at issue were entered on pleas of nolo contendere to charges of breaking and entering under R.I. Gen. Laws § 11-8-3 (1969), R.I. Gen. Laws § 11-8-3 (1981); the third was on a plea of guilty to assault with a dangerous weapon under R.I. Gen. Laws § 11-5-2 (1969).
 
 
 5
 As to the two breaking and entering convictions, defendant argues that these crimes do not qualify as predicate "violent" offenses because the state's statutory definition refers to several offenses, some of which fall outside the generic definition of "burglary." The state's definition also does not include a separately stated element of violence. The charging documents in these cases, however, clearly reveal that in each case defendant was convicted of a felony that fell squarely within the "generic" definition of burglary (unlawful entry of an apartment with the intent of committing larceny, and unlawful entry of a building with the intent of committing larceny). Taylor v. United States, 495 U.S. 575, 598 (1990); see United States v. Paleo, 967 F.2d 7, 10 (1st Cir. 1992) (when statute includes both generic and non-generic burglaries, sentencing court may look to the charging documents). Despite the absence of a separately stated element of violence, Congress included these crimes among the predicate "violent" crimes under § 924(e) because of their "inherent potential for harm to persons." Taylor, 495 U.S. at 588; Paleo, 967 F.2d at 10.
 
 
 6
 Defendant's conviction for assault with a dangerous weapon is also properly included as a predicate "violent" crime for sentence enhancement purposes under § 924(e)(1). By definition, this crime "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); Taylor, 495 U.S. at 600-601. Accordingly, we need not look beyond the fact of conviction to determine that the crime is an appropriate predicate offense. United States v. Bregnard, 951 F.2d 457, 459 (1st Cir. 1991) (Taylor's categorical approach extends to the entire enhancement statute), cert. denied, 112 S. Ct. 2939 (1992).[2] Defendant's argument that § 924(e)(2)(B) defines assaults as violent predicate offenses only if they are accomplished with a "gun, knife or destructive device" misreads the federal statute. The quoted language qualifies only crimes of juvenile delinquency; it is irrelevant to crimes committed by adult offenders.
 
 
 7
 We also find no error in the application of the sentencing guidelines. As defendant was subject to an enhanced sentence under § 924(e), his offense level was properly determined under § 4B1.4(a)(b)(3) to be 33. With a decrease of two points for acceptance of responsibility to 31, and a criminal history level of VI, the court correctly found the guideline range to be 188-235 months. As an aside, we note a typographical error on the sentencing report, page 5, where, despite a correct computational result, the total offense level is reported as "23." The district court may correct this error at any time under Fed. R. Crim. P. 36.
 
 
 8
 Lastly, defendant argues, and the government now concedes, that in light of this court's decision in United States v. Corral, 964 F.2d 83, 84 (1st Cir. 1992), issued one day after the sentence imposed here, the costs of supervised release should not have been imposed on the defendant, who was found indigent. We thus vacate that portion of the sentence.
 
 
 9
 In accordance with Anders we have examined the entire record and find no other meritorious issues for appeal. Counsel's attention is directed to Loc. R. 45.6.
 
 
 10
 Accordingly the judgment below is affirmed in part and vacated and remanded in part for corrections in accordance with this opinion.
 
 
 
 [1]
 § 924(e)(2)(B) defines "violent" felony as:
 ... any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
 (i) has as an element the use, attempted use or threatened use of physical force against the person of another; or
 (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....
 
 
 [2]
 Defendant seemingly argues that since he was charged with using an object that was not inherently dangerous, "to wit, a stick," the state statute necessarily includes potentially "unharmful" types of assault. This argument is belied by the statutory definition itself, which requires a "dangerous" weapon, and by the Rhode Island courts' reading of the statute as requiring "an unlawful offer to do corporal injury to another under such circumstances as may create a reasonable apprehension of immediate injury ... coupled with a present ability to carry the offer into effect." State v. Jeremiah, 546 A.2d 183, 186 (R.I. 1988). The object itself must be either an inherently dangerous object or used in such a way that serious bodily harm may have resulted. State v. Mercier, 415 A.2d 465, 467 (R.I. 1980). Compare with the statute discussed in United States v. Harris, 964 F.2d 1234 (1st Cir. 1992), and Bregnard, 951 F.2d at 459-60