45 F.3d 431
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Phillip M. WOODY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5433.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1994.
 
 1
 Before: NORRIS and SILER, Circuit Judges; and NEWBLATT, District Judge.*
 
 ORDER
 
 2
 Phillip M. Woody, a federal prisoner, appeals through counsel the district court order denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Woody entered a guilty plea to a charge of being a felon in possession of firearms in violation of 18 U.S.C. Sec. 922(g)(1). A charge of possession of a silencer was dismissed pursuant to the plea agreement. Woody was sentenced to 96 months of imprisonment.
 
 
 4
 In this motion to vacate sentence, Woody argued that his conviction was unconstitutional because, of the four prior felonies listed on the indictment, two were set aside during the pendency of the federal charge. Moreover, he argued that, on the remaining two prior felonies, from the states of Tennessee and Georgia, he had had his voting rights restored and therefore these felonies could not be counted as prior felonies under 18 U.S.C. Sec. 921(a)(20). Furthermore, Woody argued that his conviction was in violation of his equal protection and due process rights because the conviction was dependent on state law which necessarily varied from place to place, instead of being uniformly applicable to all United States citizens. The district court rejected each of these arguments and denied the motion.
 
 
 5
 Upon review, we conclude that the motion was properly denied for the reasons stated by the district court. Woody's first argument fails because the Supreme Court has held that Congress intended for a defendant to clear his status before obtaining a firearm. Lewis v. United States, 445 U.S. 55, 64 (1980). At the time Woody was arrested for possession of firearms, all four of his prior felonies were still valid. Thus, even the two convictions that he subsequently had set aside are sufficient to uphold his conviction.
 
 
 6
 The argument that the other two convictions should not have been considered because Woody's voting rights had been restored in Tennessee and Georgia was also properly rejected. In determining whether the exemption in 18 U.S.C. Sec. 921(a)(20) applies, we look to the whole of state law to determine whether all civil rights have been restored and whether the privilege of possessing firearms has been restored. United States v. Cassidy, 899 F.2d 543, 549 (6th Cir.1990). Mere restoration of the right to vote is insufficient. Id. Moreover, under Georgia law, Woody was expressly prohibited from possessing a firearm. Ga.Code Ann. Sec. 16-11-131. Accordingly, both of these prior felonies were also sufficient to uphold Woody's conviction.
 
 
 7
 Finally, the argument that Woody's equal protection and due process rights were violated was also properly rejected. See United States v. Bregnard, 951 F.2d 457, 461 (1st Cir.1991), cert. denied, 112 S.Ct. 2939 (1992). Accordingly, the district court's order denying this motion to vacate sentence is affirmed.
 
 
 
 *
 The Honorable Stewart Newblatt, U.S. District Judge for the Eastern District of Michigan, sitting by designation