

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-9-2008

# USA v. Wolfe

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3675

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Wolfe" (2008). *2008 Decisions*. Paper 141.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/141

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3675

_____

UNITED STATES OF AMERICA

v.

JOHN JAY WOLFE, JR.
A/K/A JOHN WOLFE

John Jay Wolfe,
Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 05-cr-00322-2)
District Judge: Honorable Alan N. Bloch

_____

Submitted Under Third Circuit LAR 34.1(a)
December 3, 2008

_____

Before: AMBRO and GREENBERG, <u>Circuit Judges,</u>
and RODRIGUEZ,<sup>*</sup> <u>District Judge</u>

(filed: December 9, 2008 )

_____

OPINION

_____

*Honorable Joseph H. Rodriguez, Senior United States District Judge for the District of New Jersey, sitting by designation

AMBRO, Circuit Judge

John Jay Wolfe, Jr. was convicted in the Western District of Pennsylvania of retaliation against a witness and sentenced to 100 months' incarceration. He now appeals his conviction and sentence. We affirm both.

I.

Because we write solely for the parties, we recite only those facts necessary to our decision. In April 2005, Wolfe's sister, Mae Wolfe, was indicted along with Ronald Knox and charged with distribution of crack cocaine and conspiracy to distribute crack cocaine. Knox agreed to cooperate with authorities, helping them understand the structure of Mae Wolfe's organization, and was subsequently released from custody. On August 28, 2005, Wolfe and his brother, Virgil Wolfe, approached Knox while he was stopped in his car with his wife and child. The Wolfe brothers convinced Knox to get out of his car and join them in a nearby alleyway. There Virgil Wolfe confronted Knox about his alleged cooperation in the case against Mae Wolfe. In response to Knox's contention that everyone in the case was cooperating with federal authorities, Virgil Wolfe flicked a cigarette in Knox's face, while John Wolfe punched him in the side of the head with his belt wrapped around his hands, knocking him down. The brothers then began to kick Knox in the ribs. The altercation ended when Knox's mother-in-law and wife intervened. Knox sustained injuries to his head, jaw, neck and ribs.

On October 12, 2005, John and Virgil Wolfe were each indicted for retaliating against a witness in violation of 18 U.S.C. § 1513(b). On April 12, 2006, the jury found

2

both men guilty. Wolfe then filed a timely motion for Judgment of Acquittal, which the District Court denied. Following presentation of the Presentence Investigation Report, he objected to his classification as a career offender pursuant to U.S.S.G. §4B.1.1(a) and requested a downward departure due to an overstatement of his criminal history. The District Court issued its Tentative Findings of Fact, affirming Wolfe's classification as a career offender. The Court denied his request for a downward departure and sentenced him to one hundred months' incarceration and three years' supervised released. Wolfe timely appeals.

## II.

Three arguments are before us on appeal.[1]

Wolfe argues first that the trial evidence was insufficient to support a conviction because it failed to establish with the requisite certainty that he beat up Knox with an intent to retaliate against him for cooperating in the case against his sister.[2] His support for this contention is that (1) Knox never acted as a witness against Mae Wolfe, (2) the initial probable cause affidavit did not mention retaliation as a motive for the battery, and (3) at the time that Knox testified against John and Virgil Wolfe, Knox was serving seven and half years in prison on the drug charges and was looking to have his sentence

---

[1]The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] To establish that Wolfe retaliated against a witness in violation of 18 U.S.C. § 1513(b), the Government was required to show both that he intentionally injured Knox and that he did so intending to retaliate against Knox for cooperating in the case against Wolfe's sister. The first point is not contested.

3

reduced. That aside, there was more than enough evidence presented from which a jury could reasonably conclude that Wolfe had the requisite intent. At trial, Knox testified to the following: (1) when Virgil and John Wolfe directed him into the alleyway, Virgil specifically informed him that "[w]e don't want anything to happen . . . in front of your family;" (2) once in the alleyway, Virgil berated Knox for "telling on [his] sister, testifying against her," and accused him of providing written statements against Mae Wolfe and of "giving up the tapes . . . on her"; and (3) after those accusations were made, both John and Virgil hit Knox, with John punching Knox in the side of his head and puncturing his ear with his belt buckle. That testimony was sufficient to support the jury's verdict against Wolfe, especially in light of the degree of deference we owe to the jury's factfinding. *See United States v. Flores*, 454 F.3d 149, 154 (3d Cir. 2006) ("We must sustain a verdict if there is substantial evidence, viewed in the light most favorable to the government, to uphold the jury's decision.").

Second, Wolfe argues that his prior Pennsylvania conviction for simple assault cannot serve as a basis for classifying him as a career offender for sentencing purposes. He makes two separate arguments in support of this contention. First, he contends that, because simple assault under Pennsylvania law only requires a *mens rea* of recklessness, it cannot be considered a "crime of violence" for federal sentencing purposes, which it must be in order to function as a predicate for career offender status under U.S.S.G.

4

§4B1.1.[3]  We rejected this argument in *United States v. Dorsey*, 174 F.3d 331 (3d Cir. 1999).  There, we held that because a "simple assault can be committed recklessly does not" disqualify it as a "crime of violence" for purposes of establishing career offender status under the Sentencing Guidelines.  *Id.* at 333.  Thus, this challenge fails.

Wolfe next argues that using his Pennsylvania simple assault conviction to qualify him for career offender status violates his equal protection rights, since the same offense, if charged in another state in this Circuit or neighboring states such as New York or Ohio, would not carry a high enough potential sentence to count as a "crime of violence."[4]  This argument was not addressed in *Dorsey*, but is similarly unpersuasive.  "It is beyond dispute that as long as Congress does not use an invidious or suspect classification, it has broad power under the commerce clause to define the class of criminals to whom . . . enhancement . . . applies."  *United States v. Bregnard*, 951 F.2d 457, 461 (1st Cir. 1991).  Wolfe does not show that it was irrational for "Congress to conclude [in this instance] that its primary source of reference should be the maximum permissible punishment

_____

[3] Under U.S.S.G. § 4B1.1, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Wolfe's second prior qualifying conviction was for possession with intent to distribute drugs.

[4] To qualify as a "crime of violence" under U.S.S.G. § 4B1.2, an offense "must be punishable by imprisonment for a term exceeding one year . . . ."  Wolfe asserts this is true of simple assault in Pennsylvania, but not true of the same offense in New Jersey, Delaware, the Virgin Islands, Ohio or New York.

under the applicable law . . . ." *United States v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976). Accordingly, this equal protection challenge fails. *See United States v. Milsaps*, 157 F.3d 989, 996–97 (5th Cir. 1998) (rejecting a similar challenge); *Bregnard*, 951 F.2d at 461 (same); *Houston*, 547 F.2d at 107 (same).

Finally, Wolfe claims that the District Court erred in refusing his request for a downward departure from the Guidelines on the ground that his criminal history categorization substantially over-represents the seriousness of his criminal record. However, we lack "jurisdiction to review discretionary decisions by district courts to not depart downward." *United States v. Vargas*, 477 F.3d 94, 103 (3d Cir. 2007). Accordingly, this challenge also fails.

III.

For these reasons, we affirm.