NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0671n.06

No. 16-6715

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 04, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| KEVIN COLEMAN, | ) TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

BEFORE: BATCHELDER, GRIFFIN, and WHITE, Circuit Judges.

PER CURIAM. Kevin Coleman challenges his classification as a career offender under the sentencing guidelines. As set forth below, we affirm Coleman's sentence.

A federal grand jury returned an indictment charging Coleman with conspiracy to possess with intent to distribute and to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846. (RE 3, Indictment, Page ID ## 4-5). On the second day of trial, Coleman entered a guilty plea. (RE 56, 6/14/2016 Minutes-Jury Trial (Day 2); RE 58, 6/14/2016 Minutes-Change of Plea Hearing; RE 59, Order on Change of Plea, Page ID # 215). Coleman's presentence report classified him as a career offender under the sentencing guidelines based on his prior Tennessee convictions for controlled substance offenses: (1) a 2006 Class E felony conviction for possession of marijuana with intent to sell and (2) a 2012 Class B felony conviction for possession of .5 grams or more of cocaine with intent to deliver. (RE 66, PSR, Page ID ## 256, 258, 260). *See* USSG § 4B1.1. At sentencing, the district court determined that

Coleman's status as a career offender called for an adjusted offense level of 37, which was reduced by three levels for acceptance of responsibility, and a criminal history category of VI, resulting in a guidelines range of 262 to 327 months of imprisonment. (RE 88, Sentencing Tr., Page ID ## 354-56). Both parties requested a downward variance on the basis that the career-offender range overstated Coleman's criminal history. (*Id*. Page ID ## 359-62). The district court agreed, noting that Coleman's marijuana conviction was "a very low-level felony" and that he had received a suspended sentence and successfully completed probation for that conviction. (*Id*. Page ID ## 370-71). The district court varied downward to criminal history category IV, and calculated a new guidelines range of 210 to 262 months of imprisonment. (*Id*. Page ID ## 371-73). After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Coleman to 210 months of imprisonment followed by eight years of supervised release. (*Id*. Page ID # 374; RE 75, Judgment, Page ID ## 286-87).

On appeal, Coleman argues (1) that the district court erred in classifying him as a career offender using the marijuana conviction as a predicate offense because he did not serve a sentence in excess of one year and (2) that classifying him as a career offender based on the marijuana conviction denies him equal protection of the laws because similar conduct would not qualify as a predicate offense in other jurisdictions. Coleman did not raise any objection to his classification as a career offender before the district court. In fact, in his objections to the presentence report, Coleman acknowledged that he satisfied the criteria for career-offender status, instead arguing that the classification overstated his criminal history. (RE 63, Def.'s Objs. PSR, Page ID # 245). We therefore review for plain error. *See United States v. Prater*, 766 F.3d 501, 518 (6th Cir. 2014); *United States v. Graham*, 622 F.3d 445, 455 (6th Cir. 2010). Under that standard, Coleman must establish "(1) error, (2) that is plain, and (3) that affects

substantial rights." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997). Coleman has not demonstrated any error, let alone plain error, in his classification as a career offender.

A defendant qualifies as a career offender if, among other requirements, the defendant has at least two prior felony convictions for a controlled substance offense. USSG § 4B1.1(a). The sentencing guidelines define "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2(b). The commentary to USSG § 4B1.2 further provides that a "prior felony conviction" is "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, . . . regardless of the actual sentence imposed." USSG § 4B1.2, comment. (n.1). Coleman asserts that he served one year of probation with a one-year suspended custodial sentence for his Class E felony conviction for possession of marijuana with intent to sell. (RE 66, PSR, Page ID # 258). Under Tennessee law, a Class E felony is punishable by imprisonment for a term exceeding one year. *See* Tenn. Code Ann. § 40-35-111(b)(5). Accordingly, the district court properly used Coleman's marijuana conviction as a predicate offense for career-offender status, regardless of his actual sentence.

Coleman also asserts that classifying him as a career offender based on the marijuana conviction denies him equal protection of the laws because similar conduct would be punishable by not more than six months of imprisonment in California and therefore would not qualify as a predicate offense. According to Coleman, the sentencing guidelines should remove irrational sentencing disparities between jurisdictions, not create them. This and other courts have rejected Coleman's equal protection argument. *See United States v. Smith*, 681 F. App'x 483, 490 (6th

Cir. 2017) (citing cases); *United States v. Bregnard*, 951 F.2d 457, 461 (1st Cir. 1991) ("The mere fact that application of the [sentence] enhancement is ultimately predicated on the definition of crimes that may vary from state to state is insufficient to conclude that [the enhancement] violates the equal protection of the law."); *United States v. Maynie*, 257 F.3d 908, 919 n.5 (8th Cir. 2001) (rejecting the defendant's argument that a sentence enhancement "based on a previous state drug offense, which in another state would not have subjected her to punishment of more than one year, violates her right to equal protection"); *see also United States v. Doxey*, 833 F.3d 692, 710 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 2204 (2017). "The fact that different states punish the possession of a certain amount of a controlled substance differently, thus making the same conduct a predicate for a career-criminal enhancement for some defendants but not for others, does not give rise to a constitutional challenge to the Guidelines." *Smith*, 681 F. App'x at 490.

For these reasons, we **AFFIRM** Coleman's sentence.