**UNITED STATES, Appellee,**

v.

**John CORRAL, Defendant, Appellant.**

**No. 91–1271.**

United States Court of Appeals,
First Circuit.

Heard March 3, 1992.

Decided May 15, 1992.

Robert J. Carnes, by Appointment of the Court, with whom Joel S. Greenberg, P.C. was on brief for defendant, appellant John Corral.

Zechariah Chafee, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., was on brief for appellee.

Before TORRUELLA, Circuit Judge, CAMPBELL and WEIS,* Senior Circuit Judges.

WEIS, Senior Circuit Judge.

In this appeal, we determine that under the Sentencing Guidelines an additional fine to meet the cost of supervised release may not be imposed where the defendant is indigent. Because the district court assessed such a sum as well as a term of imprisonment, we will remand for deletion of the additional fine.

Defendant pleaded guilty to possession with intent to distribute 500 or more grams

---

* Of the Third Circuit, sitting by designation.

of cocaine and conspiracy. On March 8, 1991, the district court imposed a sentence of incarceration and a term of supervised release. Finding that the defendant was indigent, the court did not assess a punitive fine but did order the defendant to pay for the costs of supervised release.

Section 5E1.2(a) of the Sentencing Guidelines provides that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay." Section 5E1.2(i) states that "[n]otwithstanding the provisions [for punitive fines], but subject to the provisions [for waiver], the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered."

The government does not contest the court's finding that defendant is indigent. The issue therefore is whether the provisions of 5E1.2(a) waiving the imposition of a fine when the defendant is unable to pay apply also to 5E1.2(i), which requires an additional sum to pay for the costs of incarceration or supervised release.

In *United States v. Labat*, 915 F.2d 603, 607 (10th Cir.1990), the Court of Appeals for the Tenth Circuit held that "an 'additional fine' under § 5E1.2(i) cannot be imposed unless the court first imposes a punitive fine under § 5E1.2(a)." As the court explained: "Although (f) is not mandatory, it makes no sense to waive the punitive fine and impose the *'additional'* fine.... [A] fine is a fine, and if a defendant is indigent for purposes of one, he must be indigent for purposes of the other." *Id.* Moreover, "a subparagraph (i) fine cannot be 'additional,' unless it augments another fine." *Id.*

We find the *Labat* reasoning to be persuasive and follow that Court's ruling here. If defendant cannot pay a punitive fine, there is no basis for expecting that he will be able to pay for the expense of supervised release. Imposition of such a sanc-

tion would be meaningless and result in unnecessary recordkeeping. We hold that a district court may not impose a duty to pay for the costs of incarceration or supervised release if the defendant is indigent for purposes of a fine under Sentencing Guidelines section 5E1.2(a).

The government has called our attention to *United States v. Wells Metal Finishing, Inc.*, 922 F.2d 54 (1st Cir.1991). The defendant in *Wells* was convicted of violations of the Water Pollution Prevention and Control Act. In addition to a term of imprisonment, he was sentenced to a year of supervised release conditioned on the payment of a fine which had previously been assessed by the City of Lowell. No punitive fine was assessed and, crucial to the issue here, no additional fine under 5E1.2(i) was imposed. Moreover, we noted that the city fine might be waived if the defendant was unable to pay when he began his term of supervised release. As may be seen, the circumstances there were different in an important aspect from the case presently before us. We see no inconsistency between *Labat* and *Wells Finishing*.

Accordingly the judgment of the district court will be affirmed except as to the imposition of a sum to cover the cost of supervised release. The case will be remanded to the district court for deletion of the additional fine.[1]

*So Ordered.*

---

1. The defendant also raised the question of the district court's refusal to recognize his minimal participation in the offense, but concedes its mootness because of the necessity to impose a statutory mandatory minimum sentence in the circumstances here. We agree that the issue is moot.