9 F.3d 1535
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Wesley GONZALEZ, Defendant, Appellant.
 No. 92-2471.
 United States Court of Appeals,
First Circuit.
 November 16, 1993
 
 Appeal from the United States District Court for the District of Rhode Island
 Barbara A.H. Smith on brief for appellant.
 Edwin J. Gale, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, on brief for appellee.
 R.I.
 AFFIRMED
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Wesley Gonzalez pleaded guilty to a one-count indictment which charged him with possession of a substance containing a detectable amount of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He appeals two aspects of the sentence imposed by the district court under the United States Sentencing Guidelines (U.S.S.G.). Because the appeal does not present any substantial questions, we summarily dispose of it pursuant to Local Rule 27.1.
 
 
 2
 1. Appellant claims that the district court improperly fined him for the cost of his five-year term of supervised release. This fine amounts to $6,918 and is to be paid in monthly installments of $115.30 once appellant is released. According to appellant, U.S.S.G. § 5E1.2(i) does not permit such a fine in his case because the district court "waived" the assessment of a punitive fine.
 
 
 3
 U.S.S.G. § 5E1.2(a) states that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(i) states that [n]otwithstanding ... the provisions of subsection (c) [list of minimum and maximum fines], but subject to subsection (f) [waiver or imposition of lesser fine], the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any ... supervised release ordered." In United States v. Corral, 964 F.2d 83 (1st Cir. 1992), we held that "a district court may not impose a duty to pay for the costs of incarceration or supervised release if the defendant is indigent for purposes of a [punitive] fine under Sentencing Guidelines section 5E1.2(a)." Id. at 84.
 
 
 4
 Corral is of no avail to appellant for the simple reason that the district court, in fact, did impose a punitive fine under U.S.S.G. § 5E1.2(a). Appellant's claim to the contrary rests upon page 5 of the Judgment form on which the district court checked the box preceding the following words: "Fine is waived or is below the guideline range, because of the defendant's inability to pay." By only focussing on the "inability to pay" language for the proposition that a punitive fine was "waived," appellant conveniently ignores what the district court judge said at the sentencing hearing concerning a fine under § 5E1.2(a):
 
 
 5
 As far as the fine is concerned, it does not appear you have substantial assets. You have some assets and based on that, the Court will impose a fine in the amount of one hundred dollars and a special assessment in the amount of fifty dollars as required by law.
 
 
 6
 Transcript of Sentencing Hearing, at 17-18 (emphasis added). Indeed, page 4 of the Judgment form specifically states that the total fine of $7,018 is composed of a fine of $100 and the cost of supervised release of $6,918. Thus, this claim is without merit.
 
 
 7
 2. Appellant's second assignment of error concerns the conversion of $29,990 into 1,000 grams of cocaine for sentencing purposes under U.S.S.G. § 1B1.3(a)(2) and § 2D1.1. This sum was part of the cash seized during a search of appellant's apartment conducted by the Drug Enforcement Administration (DEA). Also seized were 3 plastic sandwich bags containing a total of 17.6 grams of 80% pure cocaine, a pager, a cellular telephone, a shoe box filled with plastic bags, three sifters, a spoon and a triple-beam scale. The latter three items were found to have cocaine residue on them; it is undisputed that all of the seized items were "common" implements of the cocaine trade.
 
 
 8
 As for the cash, DEA agents found $4,450 in the bedroom and $3,990 on a table in the living room. They also discovered $26,000 hidden beneath a stereo speaker. Out of the total amount, the government accepted appellant's claim that $4,450 represented the settlement of an insurance claim. This left the $29,990 which the Presentence Report (PSI) concluded represented the proceeds of sales of 1,000 grams of cocaine.
 
 
 9
 Appellant did not object at sentencing to this calculation. Normally, such a failure results in a waiver. See United States v. Dietz, 950 F.2d 50, 55 (1st Cir. 1991) ("in connection with sentencing as in other contexts, ... arguments not seasonably addressed to the trial court may not be raised for the first time in an appellate venue").
 
 
 10
 Appellant urges, nonetheless, that where a fundamental error in the application of the Guidelines affects "substantial" rights, review is proper to prevent a "miscarriage of justice." See United States v. Agoro, 996 F.2d 1288, 1291 (1st Cir. 1993) (where government agreed with defendant that sentence imposed by district court exceeded the allowable guideline range, court would address claim raised for first time on appeal).
 
 
 11
 This is not such a case. Indeed, appellant's arguments fall short of demonstrating any defect in the court's sentencing calculations. Pursuant to U.S.S.G. § 1B1.3(a)(2), appellant is responsible for all acts that were "part of the same course of conduct or common scheme or plan as the offense of conviction...." See United States v. Figueroa, 976 F.2d 1446, 1460 (1st Cir. 1992), cert. denied, 113 S. Ct. 1346 (1993). When applied to drug offenses, the district court may take into account "the amount of drugs, whether or not 'specified in the count of conviction,' " so long as the drugs are part of the conduct underlying a defendant's conviction. United States v. Tabares, 951 F.2d 405, 410 (1st Cir. 1991) (quoting § 1B1.3(a)(2) & comment. (backg'd)). Further, in determining a defendant's base offense level where "the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1, commentary (n.12).
 
 
 12
 Appellant argues that the government failed to establish by a preponderance of the evidence that there was a sufficient connection between the $29,990 and the offense to which he pleaded guilty. Specifically, appellant contends that the PSI merely concluded that the money represented proceeds from other drug transactions without presenting any evidence of actual sales or any evidence of a conspiracy. Instead, appellant asserts, the only concrete evidence was the 17.6 grams found in his apartment. This should have resulted, he goes on, in a finding that he was involved in only a "very small scale operation." Thus, he concludes that our decision in United States v. Gerante, 891 F.2d 364 (1st Cir. 1989), does not control and an "approximation" by converting the cash into 1,000 grams of cocaine was not permitted.
 
 
 13
 In Gerante, defendant was arrested while he was in possession of 4.98 kilograms of cocaine. A subsequent search of his home revealed small additional quantities of cocaine, five loaded guns and $68,000. Upon being questioned by DEA agents, defendant stated, among other things, that he had been trafficking in multi-kilogram amounts of cocaine for six months and that the $68,000 represented proceeds from a prior deal. We held that the district court's determination that the drugs purchased with the $68,000 were part of the same course of conduct under U.S.S.G. § 1B1.3(a)(2) was not clearly erroneous. 891 F.2d at 368. As a result, the conversion of the cash into a quantity of cocaine was permitted by the Guidelines, in part, because the amount of drugs seized did not reflect the scale of the offense. Id. at 369 (citation omitted).
 
 
 14
 Appellant's effort to distinguish Gerante is unavailing. Conspicuously absent from his version of the events is the admission, made by his attorney at the sentencing hearing, that the $29,990, in fact, represented proceeds from sales of cocaine. See Transcript of Sentencing Hearing, at 4, 14 (in arguing for a reduction for acceptance of responsibility, counsel emphasized the fact that appellant did not "fight" the conversion of the money into sums of cocaine and acknowledged that the money appellant made to buy cocaine put him in a higher guideline range). As in Gerante, this admission provides sufficient evidence that the $29,990 was part of the same course of conduct as the offense of conviction. See United States v. Figueroa, 976 F.2d at 1460-61 (where defendants in taped telephone conversations stated that they sold $6,000 worth of "dime" bags of cocaine per day, no clear error in approximating the amount of cocaine based on "the sums of money admittedly received") (footnote omitted).
 
 
 15
 Finally, we reject appellant's argument that the result of the conversion (which raised his base offense level from 12 to 26) rendered his sentence "grossly disproportionate" and "inequitable." Similar increases in sentencing ranges due to the addition of quantities of drugs not included in the offense conduct have been upheld. See, e.g., United States v. Sklar, 920 F.2d 107, 112-14 (1st Cir. 1990) (despite seizure of only one package containing cocaine, court's addition for sentencing purposes of estimated quantities of cocaine contained in eleven previously mailed packages-which essentially doubled guideline range-not clearly erroneous); United States v. Vazzano, 906 F.2d 879, 884 (2d Cir. 1990) (addition of extra amount of cocaine defendant told informant he had recently sold for purposes of calculating base offense level held not clear error; addition almost tripled guideline range).
 
 
 16
 Appellant adds the claim that his trial counsel provided ineffective assistance in violation of the Sixth Amendment by, among other omissions, failing to object at the sentencing hearing to the conversion of the $29,990 into 1,000 grams of cocaine. "We have held with a regularity bordering on the monotonous that fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court." United States v. Mala, No. 91-2229, slip op. at 9-10 (1st Cir. October 27, 1993). Because this claim may turn on factual matters outside of the record now before us, the claim is not ripe for appellate review.
 
 
 17
 We, therefore, affirm the judgment of conviction without prejudice to appellant's right to file a motion under
 
 
 18
 28 U.S.C. § 2255 concerning his claims of ineffective assistance of counsel. We express no opinion on the merits of any such claims.