UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 11/2/95**

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)     No. 95-1024
v. ) (D.C. No. 92-CR-169)
)      (D. Colo.)
SCOTT FITZPATRICK, )
)
    Defendant-Appellant. )

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **McKAY** and **HENRY**, Circuit Judges.

Appellant Scott E. Fitzpatrick appeals from the district court's order revoking his parole and sentencing him to imprisonment and supervised release. He argues that the district court exceeded its authority in setting the conditions of probation.[1] We affirm.

Probation determinations are reviewed for abuse of discretion. United States v. Jalilian, 896 F.2d 447, 448 (10th

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Cir. 1990). Where, as here, no objection is raised to a special condition of probation at sentencing, our review is for plain error. United States v. Ballard, 16 F.3d 1110, 1114 (10th Cir. 1994), cert. denied, 114 S. Ct. 2762 (1994).

Mr. Fitzpatrick offers several attacks on the district court's requirement that he enter a program of testing and treatment for alcohol abuse as a special condition of probation. First, he argues that the district court exceeded its statutory authority. There is specific statutory authority for the imposition of substance abuse treatment. See 18 U.S.C. § 3563(b)(10). Under the Sentencing Guidelines, a recommended condition of probation is that the defendant "refrain from excessive use of alcohol." U.S.S.G. § 5B1.4(a)(7). Mr. Fitzpatrick had two prior convictions for driving under the influence of alcohol, and a family member testified that he could not control his use of alcohol. At the probation revocation hearing, Mr. Fitzpatrick's counsel stated that "his major, and maybe only problem in terms of probation, is a very, very serious alcohol problem." Supp. App., vol. 4 at 3. Mr. Fitzpatrick himself said, "[o]bviously, I've had a problem with alcohol for a long time now. In the past six months, it seems that, more or less, I've been losing the control I had over it." Id. at 5. Given this evidence, it certainly was not plain error for the district court to require testing and treatment as a special

condition of probation.[2]

Mr. Fitzpatrick also asserts that the district court impermissibly departed from Sentencing Guidelines requirements when it imposed the special condition of testing and treatment, and that 18 U.S.C. § 3553(c)(2) requires special requirements to be justified.  Section 3553(c) requires the district court to state its reasons when a defendant is sentenced with a range of possible sentences greater than 24 months, and when the imposed sentence falls outside the Guidelines' established range.  United States v. Underwood, 938 F.2d 1086, 1088 (10th Cir. 1991), cert. denied, 113 S. Ct. 3043 (1993).  In this case, the Guideline range was from zero to six months, a range from which the district court specifically declined to depart.  Consequently, the district court did not err in declining to provide further justification.

Mr. Fitzpatrick next argues that the district court abused its discretion when it ordered him to pay all costs associated with his treatment for alcohol abuse.  He relies upon United States v. Corral, 964 F.2d 83 (1st Cir. 1992), which determined

_____

[2]Mr. Fitzpatrick also argues that the district court erred in prohibiting the use of alcohol as a special condition of probation.  The district court "may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination or the term of probation."  18 U.S.C. §3563(c).  Given Mr. Fitzpatrick's admission at the hearing, the district court's prohibition on any use of alcohol did not constitute plain error.

that the Sentencing Guidelines do not permit the imposition of "an additional fine to meet the cost of supervised release . . . where the defendant is indigent." Id. at 83. Even if the costs of treatment constitute a fine under Corral and our decision in United States v. Labat, 915 F.2d 603 (10th Cir. 1990), however, Mr. Fitzpatrick has not established that he cannot pay these costs. See United States v. Doyan, 909 F.2d 412, 414-15 (10th Cir. 1990). The transcript of the probation revocation hearing contains the following statement by Mr. Fitzpatrick: "On the advice of my counselor, Scott Powers, about a month ago, I started seeking a more intensive program, and I have found Arapahoe House, something that is affordable for me, and also, that can give me the counseling I feel I need,. . . ." Supp. App., vol. 4 at 5 (emphasis added). Under these circumstances, it was not plain error for the district court to order Mr. Fitzpatrick to pay the costs of his alcohol abuse treatment.

Finally,[3] relying on 18 U.S.C. §§ 4244 and 4247, Mr. Fitzpatrick argues that the district court erred in failing to order that he be examined by a licensed practitioner before he received alcohol abuse treatment. However, section 4244 is not applicable here; it refers to a convicted defendant "suffering

_____

[3] Mr. Fitzpatrick introduces additional arguments in his reply. Because "appellate courts will not entertain issues raised for the first time on appeal in an appellant's reply," we decline to reach these arguments. Headrick v. Rockwell Int'l Corp., 24 F.3d 1272, 1277-78 (1994).

-4-

from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4244(a). Although Mr. Fitzpatrick points to language from section 4247 referring to "drug, alcohol, and other treatment programs," this language defines "rehabilitation program," a term not used in section 4244. Id. at § 4247(a)(1)(C). Accordingly, his argument is not supported by the statutes to which he points. Moreover, the admissions by Mr. Fitzpatrick and his lawyer plainly support the court's decision to order him to participate in testing and treatment for alcohol abuse.

The matter is unabated. AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT
Stephanie K. Seymour,Chief Judge