**UNITED STATES, Appellee,**

v.

**Gerald HARRIS, Defendant, Appellant.**

**No. 91-1342.**

United States Court of Appeals, First Circuit.

Heard April 7, 1992.

Decided May 27, 1992.

---

David A. Schechter, by appointment of the Court, with whom Law Offices of David A. Schechter, Providence, R.I., was on brief, for defendant, appellant.

Margaret E. Curran, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., and Edward J. Gale, Asst. U.S. Atty., Providence, R.I., were on brief for appellee.

Before BREYER, Chief Judge, COFFIN, Senior Circuit Judge, and CYR, Circuit Judge.

BREYER, Chief Judge.

Gerald Harris has been convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). He appeals the fifteen-year sentence that a sentence-enhancement statute requires the district court to impose when a gun-possessing felon "has three previous convictions ... for violent felon[ies]." 18 U.S.C. § 924(e)(1). He claims that the court should not have counted as "violent felonies," two of his previous Massachusetts convictions for "assault and bat-

tery." Harris makes two arguments, neither of which warrants resentencing.

I

■ The Supreme Court has held that, in determining whether a prior offense is a "violent felony" for sentence-enhancement purposes, the sentencing court should "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990). The Court recognized that, sometimes, looking to the "statutory definition" alone will not establish whether or not the prior offense was a "violent felony," for some statutes contain language in a single section that covers several separate crimes, some of which are "violent" and some of which are not. For example, a burglary statute might forbid breaking into and entering "a building, ship, vessel or vehicle." Mass.Gen.L. ch. 266, § 16; *cf. Taylor*, 110 S.Ct. at 2159. Such language forbids *both* burglaries of a "building," which are "violent felonies," *and* other types of burglaries (of a "ship, vessel or vehicle"), which are not violent felonies. *See id.* at 2158–59. Faced with a prior conviction under such a statute, a sentencing court, the Supreme Court says, may look to "the indictment or information and jury instructions" to determine whether the defendant was convicted of the "violent felony" type, or the other type, of offense under the statute. *Id.* at 2160; 18 U.S.C. § 924(e)(2)(B); *see also United States v. Bregnard*, 951 F.2d 457, 459–60 (1st Cir.1991), *petition for cert. filed*, 60 U.S.L.W. 3689 (U.S. Mar. 20, 1992) (No. 91–1517); *cf. United States v. Doe*, 960 F.2d 221, 224–25 (1st Cir.1992).

What, however, should a court do when there are no jury instructions to look at, say because the defendant pled guilty? Harris argues that, in such a case, the later sentencing court, unable to deduce from jury instructions which of the two statutory crimes (the violent or the non-violent type) was involved, must assume that the previous conviction was for the *non*-violent crime and may not use that conviction to enhance the defendant's present, federal

sentence. Harris adds that his previous "assault and battery" convictions are examples of such cases. The Massachusetts "assault and battery" statute covers two separate crimes—one involving actual (or potential) physical harm and the other involving a "nonconsensual" but unharmful touching. Mass.Gen.L. ch. 265, § 13A; *Commonwealth v. Burke*, 390 Mass. 480, 457 N.E.2d 622, 624–25 (1983); *Bregnard*, 951 F.2d at 459–60. Since Harris pled guilty, there are no "jury instructions" to help the federal sentencing court determine which of the two crimes (violent or nonviolent) was involved. Therefore, Harris concludes, the sentencing court should not have counted the prior convictions as convictions for "violent felonies."

Harris's argument is ingenious, but not convincing. It reads literally the word "and" (in the Supreme Court's direction to sentencing courts to look at the "indictment ... *and* jury instructions"). *Taylor*, 110 S.Ct. at 2160 (emphasis added). But, to do so carries the literal reading of Supreme Court language to an extreme. The Court, in referring to the use of jury instructions, did not mean that one who pleads guilty to what would otherwise constitute a "violent felony" is somehow, for future sentence-enhancement purposes, home free. Rather, the Court was giving an example (it says, "for example") of *one way* in which a trial court, faced with a past conviction for violating a single statute that covers more than one crime, might decide *which* of those crimes the prior conviction involved. *See Taylor*, 110 S.Ct. at 2159. There are other ways to make the same determination. A sentencing court, faced with a prior conviction under a statute that makes it unlawful to break into a "building" or into a "vehicle," might simply read the indictment or the guilty plea, if the government or the defendant has offered either, to see if it says "building" or if it says "vehicle." *United States v. Strahl*, 958 F.2d 980, 984 (10th Cir.1992) ("charging document" where defendant pled guilty and there were no jury instructions); *United States v. Cornelius*, 931 F.2d 490, 494 (8th Cir.1991) (similar to *Strahl*); *United States v. Garza*, 921 F.2d 59, 61 (5th Cir.)

(same), *cert. denied,* —— U.S. ——, 112 S.Ct. 91, 116 L.Ed.2d 63 (1991); *United States v. Gallman*, 907 F.2d 639, 645 n. 7 (7th Cir.1990) ("plea agreement or transcript" in "case of a guilty plea"), *cert. denied,* —— U.S. ——, 111 S.Ct. 1110, 113 L.Ed.2d 219 (1991). Alternatively, the court might read the current Presentence Report and see whether, when it describes the prior indictment, it says that the prior indictment said "building" or said "vehicle." *See Bregnard*, 951 F.2d at 460 (uncontested Presentence Report description of prior convictions, guilty pleas); *cf. Doe*, 960 F.2d 221, 224 (similar); *see also United States v. Sweeten*, 933 F.2d 765, 771–72 (9th Cir.1991) ("judicially noticeable documentation" other than "judgment of conviction").

One can, of course, easily imagine a more difficult case: Suppose the prior indictment simply charged a violation of the statute, not saying whether the charge involved a "building" or a "vehicle," or suppose the prior indictment simply used boilerplate language that could include either. Also suppose, because the defendant pled guilty, no jury instructions exist to tell the federal sentencing court which of the crimes, burglary of a "building" or of a "vehicle," was charged. In such a case, we believe it would be appropriate for the sentencing court to look to the conduct in respect to which the defendant was charged and pled guilty, *not* because the court may properly be interested (in this context) in the violent or non-violent nature of that particular conduct, but because that conduct may indicate that the defendant and the government both believed that the generically violent crime ("building"), rather than the generically non-violent crime ("vehicle"), was at issue.

The record before us provides adequate information to make the required determination relatively simply. The Presentence Report (without relevant objection) says, in respect to Harris's first "assault and battery":

> The case file reflects that on June 20, 1976, the subject, armed with a knife, was arrested after he assaulted and beat

Edward Hobson at 80 Goodale Road in Matapan, Massachusetts. On July 12, 1976, the original charges were amended to read; Assault and Battery; the defendant did assault and beat Edward Hobson.

The Presentence Report (also without relevant objection) says, in respect to Harris's second "assault and battery":

> The case file reflects that on August 13, 1976, the subject, armed with a knife, was arrested after he assaulted and beat Edward Hobson at 1194 Blue Hill Avenue in Dorchester, Massachusetts. On September 14, 1976, the original charges were amended to read; Assault and Battery; the defendant did assault and beat Edward Hobson.

These two items of uncontested and uncontradicted information make clear that neither of the two "assault and battery" crimes for which Harris was charged and convicted were "nonconsensual touching" crimes, and that both were of the "physically harmful" or "potentially physically harmful" variety. *Cf. United States v. Wilkinson*, 926 F.2d 22, 29 (1st Cir.) (facts in uncontested Presentence Report deemed admitted), *cert. denied*, —— U.S. ——, 111 S.Ct. 2813, 115 L.Ed.2d 985 (1991). Even if the language of the charge, "assault and beat," is mere boilerplate, *see* Mass.Gen.L. ch. 277, § 79 (prescribing, "That A.B. did assault and beat C.D." as a proper form of indictment for "assault and battery"), the fact that the "case files" showed that Harris had a knife suggests that the state charged Harris with, and that he pled guilty to, the harmful type of assault and battery against Hobson. And, Harris provided nothing to indicate the contrary. Thus, the district court properly treated the convictions as "violent felonies" under the sentence-enhancement statute.

## II

Harris points out that these two "assault and battery" crimes involved the same victim (Edward Hobson) and that he pled guilty to both, and was convicted and sentenced for both, on the same day (September 14, 1976). Those facts, he adds, required the district court to treat them as one offense, not as two separate offenses. The Presentence Report states, however, that Harris committed the two crimes at two different places, and that the second occurred nearly two months after the first. These latter facts are more than sufficient to make them two separate offenses for sentence-enhancement purposes. *See* 18 U.S.C. § 924(e); *United States v. Gillies*, 851 F.2d 492, 497 (1st Cir.) (armed robbery convictions for offenses at two different drug stores on consecutive days, for which defendant received concurrent sentences), *cert. denied*, 488 U.S. 857, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988); *United States v. Hayes*, 951 F.2d 707, 709 (6th Cir.1991) (convictions "involv[ing] separate episodes" although not "separately adjudicated"), *cert. denied*, —— U.S. ——, 112 S.Ct. 1694, 118 L.Ed.2d 406 (1992); *United States v. Washington*, 898 F.2d 439, 442 (5th Cir.) (convictions for robbery of same store, and same store clerk, twice in the course of several hours), *cert. denied*, —— U.S. ——, 111 S.Ct. 122, 112 L.Ed.2d 91 (1990); *United States v. Schieman*, 894 F.2d 909, 913 (7th Cir.) (convictions for burglary of store and, minutes later, battery of police officer investigating the burglary), *cert. denied*, —— U.S. ——, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990).

The judgment of the district court is

*Affirmed.*