USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-1868

 UNITED STATES,

 Appellee,

 v.

 RAMON DUENO, JR.,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Nathaniel M. Gorton, U.S. District Judge]
 
 
 

 Before
 
 Selya, Circuit Judge,
 Cudahy,* Senior Circuit Judge,
 and Stahl, Circuit Judge.
 
 

 J. Martin Richey, by appointment of Court, for appellant.
 Christopher F. Bator, Assistant United States Attorney, with
whom Donald K. Stern, United States Attorney, was on brief for
appellee.

March 19, 1999

 
_____________________
*Of the Seventh Circuit, sitting by designation.

 STAHL, Circuit Judge. On January 22, 1998, defendant-
appellant Ramon Dueno pleaded guilty to each count of a three-count
indictment charging him with being a felon in possession of a
firearm, see 18 U.S.C. 922(g); possessing an unregistered
firearm, see 26 U.S.C. 5861(d) & 5871; and transferring a
firearm without having met the requirements of 26 U.S.C. 5812,
see 26 U.S.C. 5861(e), 5871, and 5812. The charges to which
Dueno pleaded arose from his March 14, 1997 sale of a sawed-off
shotgun to an undercover police officer. At the time of the sale,
Dueno had a number of prior criminal convictions, including a 1991
Massachusetts conviction for assault and battery, and a 1994
Massachusetts conviction following a guilty plea to a charged
violation of a statute proscribing, "in the night time, break[ing]
and enter[ing] a building, ship, vessel, or vehicle, with intent to
commit a felony." Mass. Gen. Laws Ann. ch. 266, 16. 
 At sentencing, both sides agreed that the 1991 assault
and battery conviction is a "crime of violence" within the meaning
of the career offender provisions of the federal sentencing
guidelines. See U.S.S.G. 4B1.2. But they disagreed as to
whether the 1994 breaking and entering conviction should be so
regarded. The dispute mattered because the charges to which Dueno
pleaded in this case trigger the more draconian sentencing
provisions of the career offender guideline, see United States v.
Fortes, 141 F.3d 1, 6-8 (1st Cir.) (possession of a sawed-off
shotgun is a "violent felony" within the meaning of the Armed
Career Criminal Act ("ACCA")), cert. denied, 118 S. Ct. 2387
(1998), and United States v. Winter, 22 F.3d 15, 18 n.3 (1st Cir.
1994) (authority interpreting the ACCA's "violent felony" provision
is frequently persuasive in interpreting the guidelines' "crime of
violence" provision, and vice versa), and because Dueno is a career
offender if, but only if, his 1994 breaking and entering conviction
is a crime of violence, see U.S.S.G. 4B1.1 (defining career
offender as one who, inter alia, has "two prior felony convictions
of either a crime of violence or a controlled substance offense")
(emphasis supplied). Furthermore, Dueno is subject to an enhanced
sentence under the firearms guideline if found to be a career
offender. See U.S.S.G. 2K2.1(a)(1) (prescribing an enhanced
sentence for a career offender who engages in a firearm offense
with a firearm described in 26 U.S.C. 5845(a), which describes
sawed-off shotguns). For reasons explained below, the district
court concluded that the 1994 breaking and entering conviction was
a crime of violence and sentenced Dueno accordingly.
 The breaking and entering statute under which Dueno
pleaded guilty encompasses conduct that constitutes a crime of
violence (i.e., breaking into and entering a person's home, seeU.S.S.G. 4B1.2(a)(2) ("burglary of a dwelling" is a crime of
violence)), and conduct that almost certainly does not (i.e.,
breaking into and entering a vehicle, see infra at 6-7 (rejecting
the government's suggestion that we affirm by ruling that all of
the conduct described by the statute is violent); cf. United Statesv. Harris, 964 F.2d 1234, 1236 (1st Cir. 1992) (assuming in dictathat breaking into and entering a vehicle is not a violent felony
under the ACCA)). When faced with a prior conviction under such a
statute, a federal sentencing court may not hold a mini-trial on
the particular facts underlying the prior offense in an effort to
determine whether the defendant's conduct was violent. See, e.g.,
United States v. Damon, 127 F.3d 139, 144 (1st Cir. 1997); United
States v. Meader, 118 F.3d 876, 882 (1st Cir. 1997), cert. denied,
118 S. Ct. 729 (1998); cf. United States v. Taylor, 495 U.S. 575,
599-602 (1990) (ACCA case). But it may "peek beneath the coverlet"
of the language of the prior judgment to ascertain whether the
conviction was for a violent or a non-violent crime. Winter, 22
F.3d at 18. Ordinarily, this "peek" should be limited to an
examination of the indictment, complaint, and/or jury instructions
in the prior case. See Damon, 127 F.3d at 144-45; cf. Taylor, 495
U.S. at 602; Harris, 964 F.2d at 1235-37. But where, as apparently
was the case here, the charging papers simply used the boilerplate
statutory formulation and there are no jury instructions (because
of the guilty plea), we have found it 
 appropriate for the sentencing court to look
 to the conduct in respect to which the
 defendant was charged and pled guilty, notbecause the court may properly be interested
 (in this context) in the violent or non-
 violent nature of that particular conduct, but
 because that conduct may indicate that the
 defendant and the government both believed
 that the generically violent crime . . .
 rather than the generically non-violent crime
 . . . was at issue.

Harris, 964 F.2d at 1236.
 In this case, the government successfully argued at
sentencing that, notwithstanding the generic nature of the breaking
and entering charge set forth in the 1994 state court complaint, a
fair reading of the complaint as a whole establishes that Dueno
broke into and entered a building, and thus committed a crime of
violence. The government based its argument on a second charge in
the same complaint, which apparently alleged that Dueno "willingly
and maliciously destroy[ed] or injur[ed] the personal property,
dwelling, house or building of [the victim], the value of the
property so destroyed or injured exceeding two hundred and fifty
dollars, in violation of [Mass. Gen. Laws Ann. ch. 266, 127]." 
The government now correctly concedes that its prior argument, and
the district court's acceptance of the argument, are not
sustainable; even if it could be inferred that both charges in the
complaint arose from essentially the same course of criminal
conduct, the complaint can as readily be taken to describe an
unlawful entry into a vehicle, followed by vandalism in the vehicle
causing more than $250 worth of damage, as it can be taken to
describe a building invasion. We therefore cannot affirm the
determination that Dueno is a career offender under the reasoning
of the district court.
 The government argues that, despite this error, we can
affirm Dueno's sentence on one of two proffered alternative
grounds. First, the government asks us to rule that breaking into
and entering any of the three non-buildings specified in Mass. Gen.
Laws Ann. ch. 266, 16 a ship, vessel, or vehicle is a crime
of violence under U.S.S.G. 4B1.2(a)'s "otherwise" clause. Seeid. (defining crime of violence as one that is punishable by
imprisonment for a term exceeding one year and (1) "has as an
element the use, attempted use, or threatened use of physical force
against the person of another"; (2) "is burglary of a dwelling,
arson, . . . extortion, [or] involves use of explosives"; or (3)
"otherwise involves conduct that presents a serious potential riskof physical injury to another.") (emphasis supplied). Accepting
this argument, which the government first advanced in the last two
paragraphs of its appellate brief, would entail our becoming the
first federal court of appeals to rule that breaking into and
entering a vehicle is a crime of violence. We are loath to issue
so significant a ruling where Dueno had insufficient opportunity to
develop a factual rebuttal (e.g., the introduction of relevant
crime statistics and/or expert testimony) in the lower court.
 Moreover, we think it potentially important that the case
on which the government entirely relies in pressing this argument,
see United States v. Patterson, 882 F.2d 595, 601-04 (1st Cir. 1989)
(breaking and entering a building, ship, or vessel, and entering
without breaking a dwelling house at night, are violent felonies
within the meaning of the ACCA), involves an interpretation of the
"violent felony" provisions of the ACCA, whereas this case involves
an interpretation of the career offender guidelines' "crime of
violence" provisions. While there is far more overlap than
difference between the two, see Winter, 22 F.3d at 18 n.3, at least
one federal appeals court has read the guidelines and the
guidelines commentary differently than it does the ACCA with
respect to whether breaking and entering non-dwellings are crimes
of violence, see United States v. Smith, 10 F.3d 724, 731-33 (10thCir. 1993) (per curiam)(holding that the unlawful entry of a non-
dwelling building is not a crime of violence under the "otherwise"
clause). We need not endorse the Smith panel's conclusion about
the unlawful entry of a non-dwelling building, see United States v.
Sawyer, 144 F.3d 191, 196 (1st Cir. 1998) (declining to follow Smith 
because of our previous holding that breaking into and entering a
commercial structure was a crime of violence under the guidelines,
citing United States v. Fiore, 983 F.2d 1, 4-5 (1st Cir. 1992)), to
recognize that the reasoning underlying the conclusion deserves
careful consideration before we decide that breaking into and
entering a vehicle constitutes a crime of violence. And we are not
inclined to engage in such consideration where, as here, there has
been no argument on the issue by the parties. 

 The second proffered basis for affirming Dueno's sentence
on alternative grounds presents a more difficult question. The
government points out that the Presentence Report in this case
contains an uncontradicted account of the events underlying Dueno's
1994 breaking and entering conviction, that the account (which
describes in detail a home invasion followed by serious vandalism)
would suggest that Dueno in fact pleaded guilty to breaking into
and entering a building, and that Harris authorizes us to look at
such an uncontradicted account in circumstances such as these. See964 F.2d at 1236-37. In the government's view, the presence of
this uncontradicted recitation allows for only one conclusion: 
that Dueno's breaking and entering conviction was for a crime of
violence.
 Dueno counters by suggesting that the "archaeological
dig" endorsed by Harris (which he says we have retreated from) runs
afoul of the Supreme Court's mandate that inquiries into the nature
of prior convictions follow a "formal categorical approach [that]
look[s] only to the statutory definitions of the prior offenses,
and not to the particular facts underlying those convictions." 
Taylor, 495 U.S. at 600. He also contends that the "dig"
authorized in Harris is now precluded by application note 2 to
U.S.S.G. 4B1.2 (effective November 1, 1997), which he reads as a
codification of Taylor's categorical approach in the guidelines
context. Finally, he asserts that the Presentence Report took its
account from a police report that was not even a part of the state
court file, and contends that such a report, even if cognizable
under Harris, is too tenuous a foundation to support our concluding
as a matter of law that Dueno pleaded guilty to breaking into and
entering a building.
 Dueno's first two arguments fail to persuade. Our
opinion in Harris came two years after Taylor and demonstrated full
cognizance of the dictates of Taylor's categorical approach. See964 F.2d at 1235-36. Thus, neither Taylor nor the guidelines'
recent codification of the Taylor approach (we shall assume
arguendo that Dueno correctly interprets application note 2 to
U.S.S.G. 4B1.2) provides us with any basis for backtracking from
Harris. See, e.g., Williams v. Ashland Eng'g Co., Inc., 45 F.3d
588, 592 (1st Cir. 1995) (newly-constituted panels in a multi-panel
circuit are bound by prior panel decisions not called into doubt by
intervening, controlling authority). Moreover, we have carefully
read our decisions applying Harris, and we see nothing in them
which calls into question the validity of the inquiry Harrisauthorizes in circumstances such as these.
 But although the issue is close, we do agree with Dueno
that, on the present record, a reasonable jurist could conclude
that there is insufficiently reliable evidence to ground a finding
that Dueno pleaded guilty to breaking into and entering a building. 
In so concluding, we point out that the record in this case lacks
even a single document that was before the judge who accepted
Dueno's plea in 1994 (not even a copy of the complaint). Nor do we
have a copy of the police report in question (all we have is the
Presentence Report, which apparently took its account from the
police report); an explanation where the police report came from;
or any account of what took place at Dueno's plea hearing. We also
are mindful that the government bears the burden of proving the
applicability of an upward adjustment under the guidelines, United
States v. St. Cyr, 977 F.2d 698, 702 (1st Cir. 1992), and that a
substantial prison term for Dueno hangs in the balance. 
 Dueno's sentence for this crime can reflect only those
prior crimes of which he has been convicted either by a trier of
fact or by his own admission. As matters now stand, the evidence
is insufficient for us to conclude, as a matter of law, that
Dueno's 1994 guilty plea constituted an admission to the building
invasion described by the police report. We therefore vacate the
sentence and remand for resentencing. On remand, we fully expect
that the government will give this matter significantly more
attention than it has received to this point.
 Vacated and remanded.