**UNITED STATES of America,**

v.

**David SANFORD, Defendant**

**No. CR–03–53–B–W.**

United States District Court,
D. Maine.

Aug. 2, 2004.

---

# 55

Nancy Torresen, Office of the U.S. Attorney District of Maine, Bangor, ME, for USA, Plaintiff.

Stephen C. Smith, Law Office of Stephen C. Smith, Bangor, ME, for David Sanford (2), Defendants.

## SENTENCING ORDER

WOODCOCK, District Judge.

### I. Introduction

Facing the sentencing provisions of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 as an Armed Career Criminal, Defendant David Sanford challenged whether his four prior convictions constitute predicate offenses under § 924(e)(2)(A) & (B). This Court concludes each of Mr. Sanford's prior convictions is either a "serious drug offense" within the meaning of § 924(e)(2)(A)(ii) or a "violent felony" within the meaning of § 924(e)(2)(B)(i). The Court will, therefore, apply the statutory and guideline provisions for Armed Career Criminal to Mr. Sanford.

### II. Facts

On February 9, 2004, the Defendant, David Sanford, pleaded guilty to committing the following crimes on July 6, 2003: a Hobbs Act Robbery, 18 U.S.C. § 1951(a); possession of a stolen firearm, 18 U.S.C. § 922(j); felon in possession of a firearm,

18 U.S.C. § 922(g)(1); and, possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(C). In the pre-sentence investigation report, the Probation Officer listed the following offenses as predicates to the Defendant being sentenced as an armed career criminal: (1) a 1990 Massachusetts conviction for assault and battery with a dangerous weapon against James Sanford; (2) a 1995 Massachusetts conviction for possession of a Class B controlled substance with intent to distribute; and, (3) a 1997 Massachusetts conviction for larceny from a person. She recommended the Defendant be sentenced as an armed career criminal under 18 U.S.C. § 924(e)[1] and U.S.S.G. § 4B1.4.[2] Although the Probation Officer counted only the 1990 assault and battery by a dangerous weapon conviction as a predicate offense, the PSR listed two Massachusetts convictions for assault and battery by a dangerous weapon: (1) a 1989 conviction, when he assaulted Lawrence Bancroft with a baseball bat; and, (2) a 1990 conviction, when he assaulted James Sanford with a knife.

At his sentencing hearing on July 20, 2004 during a colloquy concerning the contents of the PSR, the Defendant raised a concern about the accuracy of the criminal history. He claimed the 1990 assault conviction had been mixed up with the 1989 assault conviction and both convictions were for simple assault, not assault by a dangerous weapon. Although the issue was not squarely raised, the implicit question is not only whether the convictions were for simple assault, but also whether they should still be counted as predicate convictions for a "violent felony" within the meaning of § 924(e).

Mr. Sanford's second question about criminal history was whether the 1995 conviction for possession of a Class B controlled substance with intent to distribute

1.  18 U.S.C. § 924(e):

    (1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

    (2) As used in this subsection—

    (A) the term "serious drug offense" means—

    (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App.1901 et seq.), for which a maximum term of imprisonment of ten years or more is prescribed by law; or

    (ii) an offense under State law, involving manufacturing, distributing, or possess-ing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

    (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . .

2.  U.S.S.G. § 4B1.4(a):

    A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.

should be counted. He said he pleaded to possession, which carried a maximum sentence of 2½ years. He went on to say he understood that in order to count as a predicate offense for armed career criminal status, the drug charge had to carry a ten-year maximum. He said he received a ninety-day sentence in the house of corrections.

In response, the Government submitted a series of exhibits attesting to four prior convictions it alleged qualified as predicate offenses under § 924(e): the 1989 conviction for assault and battery[3] and the three convictions counted in the PSR. Defendant's counsel represented he had fully explored these issues and ultimately concluded armed career criminal status would be applicable. He explained that Mr. Sanford was correct in stating the 1989 baseball assault had been reduced to a simple assault, but the 1990 knife assault had not. In addition, he had concluded under First Circuit precedent, the 1995 Class B drug conviction counted as a predicate conviction and, when combined with the 1990 assault and battery by a dangerous weapon and the 1997 larceny convictions, there were three predicate offenses mandating application of § 924(e).

During the ensuing colloquy, there was also a discussion about whether Mr. Sanford qualified as a career offender under U.S.S.G. § 4B1.1. Unlike the armed career criminal provisions, the predicate offenses for career offender status are time-limited. The provisions of U.S.S.G. § 4A1.2 apply to the counting of convictions under U.S.S.G. § 4B1.1. *See* U.S.S.G. § 4B1.2 App. Note 3. If the conviction for assault by a dangerous weapon was the 1989 conviction, if a simple assault would not constitute a "crime of violence," and, if the

1995 drug charge did not count, career offender status would not be applicable because there would be only one countable predicate offense: the 1997 Massachusetts conviction for larceny from a person.

As the issues were presented unexpectedly and their resolution could have a significant impact on Defendant's sentence, the Court continued the sentencing hearing to determine whether the Defendant should be classified as an armed career criminal under § 924(e).

### III. Discussion

#### A. The 1989 and 1990 Convictions.

The Court must first clarify what the criminal history records reveal. Government Exhibit # 1 confirms that on July 12, 1989, the Defendant was convicted of assault in Massachusetts District Court. This incident was initially charged as assault and battery by a dangerous weapon; the victim was Lawrence Bancroft. The complaint alleges that on March 11, 1989, Mr. Sanford "did, by means of a dangerous weapon, baseball bat, assault and beat Lawrence Bancroft." Mr. Sanford was sentenced to three months in the house of corrections, but the sentence was suspended with probation to July 11, 1991. When Mr. Sanford was convicted of the 1990 assault by a dangerous weapon, he was also found to have violated his probation and ordered to spend three months in the house of corrections.

On April 23, 1990, Mr. Sanford was involved in another assault. This time the victim was his brother, James Sanford, Jr. The custody report indicates that the Defendant was taken into custody because of an assault by means of a knife. The police

---

**3.** The PSR originally listed the 1989 conviction as assault by a dangerous weapon and this was the source of some confusion at the sentencing hearing. However, the docket entries establish that the 1989 conviction was reduced from assault and battery by a dangerous weapon to simple assault.

report confirms that the brothers were involved in an altercation.[4] James Sanford, Jr. claimed David Sanford had tried to cut him with a knife and their father led police inside the house and pointed to a butcher knife beside the sink. On November 14, 1990, the District Court found David Sanford guilty of assault by a dangerous weapon and sentenced him to one year in the house of corrections, ninety days direct, the balance concurrent with the 1989 assault, suspended with probation to November 14, 1991.

## B. Factual Findings.

### 1. The Mixed–Up Allegation.

The records confirm beyond any reasonable doubt that Mr. Sanford's memory of which assault took place first is incorrect: in 1989, he assaulted his friend, Lawrence Bancroft; in 1990, he assaulted his brother, James Sanford.

### 2. The Reductions to Simple Assault.

Mr. Sanford is correct that the 1989 Bancroft conviction was reduced from assault and battery by a dangerous weapon to simple assault. He is incorrect that the 1990 assault and battery by a dangerous weapon was reduced to simple assault.[5]

### 3. The Class B Possession With Intent To Distribute.

Mr. Sanford is partially correct on the 1995 Massachusetts conviction for Class B

possession with intent to distribute cocaine. He was initially charged with trafficking in cocaine, a violation of Mass. Gen. L. ch. 94C, § 32E. According to Government Exhibit # 3, he pleaded guilty on August 24, 1995 to as much of the charge that alleged Possession Class B With Intent To Distribute and he was convicted of violating Mass. Gen. L. ch. 94C, § 32A. He was sentenced to ninety days in the house of corrections on and after the sentence he was then currently serving, with seventy-one days credit for time held. The penalty provision for violating Possession Class B with Intent to Distribute was "imprisonment in the state prison for not more than ten years, or in a jail or house of correction for not more than two and one-half years...." Mass. Gen. L. ch. 94C, § 32A(a).

### C. The Predicate Offenses Under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.

### 1. The 1989 Assault Conviction as a Predicate Offense.

The Court turns to the Defendant's 1989 assault and battery conviction under Mass. Gen. L. ch. 265, § 13A.[6] Gov't Ex. 1. Whether a conviction for simple assault in violation of this Massachusetts statute constitutes a "violent felony" for purposes of § 924(e)(2)(B)(i) is a question the First Circuit has considered. *United States v. Santos*, 363 F.3d 19 (1st Cir.2004); *United*

---

4. The First Circuit has discussed whether the sentencing court should rely upon police reports to determine whether a conviction fits within § 924(e)'s definition of a "violent felony." *See United States v. Delgado*, 288 F.3d 49, 55–56 (1st Cir.2002). However, the question raised by Mr. Sanford was which assault occurred first. Whatever its limitations as the factual basis for the ultimate conviction, the police report, which was admitted without objection as part of Government Exhibit # 2, is probative evidence as to which crime took place first.

5. As it turns out, it makes no difference. The Court concludes that both convictions count as predicate offenses under § 924(e)(2)(B)(i)'s definition of a "violent felony."

6. Mass. Gen. L. ch. 265, § 13A(a):

Whoever commits an assault or an assault and battery upon another shall be punished by imprisonment for not more than 2 ½ years in a house of correction or by a fine of not more than $1,000.

*States v. Mangos,* 134 F.3d 460, 463–64 (1st Cir.1998); *United States v. Harris,* 964 F.2d 1234 (1st Cir.1992); *United States v. Bregnard,* 951 F.2d 457, 459–60 (1st Cir.1991); *cert. denied,* 504 U.S. 973, 112 S.Ct. 2939, 119 L.Ed.2d 564 (1992); *Caggiano v. United States,* 1992 U.S.App. LEXIS 35533, *8 n. 5 (unpublished opinion) ("Assault and battery unquestionably comes within the section 924(e)(2)(B)(i) definition of violent felony since one element of the crime is the use of physical force against the person of another").

Under *Taylor v. United States,* the Supreme Court wrote § 924(e) "mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, not to the particular facts underlying those convictions." 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The problem presented by § 13A is that the Massachusetts assault and battery statute "covers two separate crimes—one involving actual (or potential) physical harm and the other involving a 'nonconsensual' but harmful touching." *Harris,* 964 F.2d at 1236; *see also Santos,* 363 F.3d at 23; *Mangos,* 134 F.3d at 463. *Harris* reviewed the PSR to determine the facts underlying the assault and battery convictions and easily concluded the § 13A convictions in that case was the "physically harmful" or "potentially physically harmful" variety. Following *Harris,* the First Circuit has discussed whether and in what circumstances the sentencing court may "peek beneath the coverlet" to determine whether the predicate crime was a crime of violence under § 924(e). *United States v. Winter,* 22 F.3d 15, 18 (1st Cir.1994).

■ This Court begins by focusing on the charging document. *Santos,* 363 F.3d at 23–24; *United States v. Damon,* 127 F.3d 139, 145 (1st Cir.1997). The 1989 assault complaint charged that Mr. Sanford "did, by means of a dangerous weapon, baseball bat, assault and beat Law-

rence Bancroft." Without more, this charge alone is sufficient to establish the crime charged was the "physical harm," not the "nonconsensual, but harmful touching" variety. *Santos,* 363 F.3d at 23–24; *Mangos,* 134 F.3d at 464. There is no evidence in the record that the subsequent reduction of the charge to simple assault was based on a change in the underlying facts from physical harm to nonconsensual touching. To the extent the sentencing court should venture further, the evidence is overwhelming that Mr. Sanford's 1989 § 13A conviction was of the physical harm type. During the sentencing hearing, Mr. Sanford explained the circumstances of the Bancroft assault conviction to the Court. He stated that this was "another fight with—with a friend that I had grown up with, after a night of drinking, which was foolish." This Court concludes that the 1989 conviction for assault in violation of Mass Gen. L. ch. 265, § 13A constituted a crime within the meaning of § 924(e)(2)(B)(i)'s definition of the "use, attempted use, or threatened use of physical force against the person of another."

Finally, although the First Circuit did not explicitly address the significance of imprisonment in a "house of corrections," as opposed to state prison, *Bregnard* concluded the penalty under § 13A satisfied the "greater than two years" requirement of the career criminal provision. *Bregnard,* 951 F.2d at 460–61. Accordingly, this Court holds the Defendant's 1989 conviction under this Massachusetts statute constitutes a "violent felony" under § 924(e) and treats the 1989 conviction as a predicate offense under the Armed Career Criminal provisions of federal statutory law and the Sentencing Guidelines.

**2. The 1990 Assault and Battery With Dangerous Weapon Conviction.**

■ Next, the Court addresses the Defendant's 1990 conviction for assault and

battery with a dangerous weapon under Mass. Gen. L. ch. 265, § 15A(b).[7] Gov't Ex. 2. The docket sheet reflects that Mr. Sanford was charged with and pleaded guilty to a violation of chapter 265, § 15B, assault by a dangerous weapon. Since the conviction carried a maximum term of imprisonment "exceeding one year," 18 U.S.C. 924(e)(2)(B); and had as an element the use of physical force against the person of another, *id.;* it is a "violent felony" within the meaning of § 924(e)(2)(B)(i).

### 3. The 1995 Possession of a Class B Controlled Substance Conviction.

■ The Court next looks to the Defendant's 1995 conviction for possession of a Class B controlled substance with intent to distribute under Mass. Gen. L. ch. 94C, § 32A.[8] Gov't Ex. 3. Mr. Sanford was punished under the two and one-half year maximum for a house of correction sentence. Mass. Gen. L. ch. 94C, § 32A(a). To constitute a "serious drug offense" under § 924(e)(2)(A)(ii), the offense under state law must carry a "maximum term of imprisonment of ten years or more." 18 U.S.C. § 924(e)(2)(A)(ii). Mr. Sanford contended that because the lower penalty was applied, the Class B Possession conviction should not count as a predicate offense under § 924(e).

The Government cites *Bregnard* as dispositive. It is not. *Bregnard* involved a similar state statutory scheme, but under the "violent felony" provision of § 924(e), which requires a felony for which the term of imprisonment exceeds one year, 18 U.S.C. § 924(e)(2)(B)(i). *Bregnard,* 951 F.2d at 459–60. The First Circuit in *Bregnard* easily concluded a maximum penalty

of two and one-half years met this requirement. *Id.* at 460–61. By contrast, in the "serious drug crime" provision, the statutory definition is different; it requires the drug offense be subject to at least a ten year maximum prison term. *Bregnard* did not resolve the question of whether a defendant who is sentenced in the Massachusetts District Court for a violation of § 32A(a) and whose sentence is jurisdictionally limited to a 2½ year term in the house of corrections, has committed a "serious drug crime" under § 924(e)(2)(A)(ii), which requires conviction of a drug crime for which the maximum term of imprisonment is at least ten years.

However, the First Circuit resolved this issue in the case of *United States v. Moore,* 286 F.3d 47, 49 (1st Cir.2002) ("The relevant state statute here, Mass. Gen. Laws ch. 94C, § 32A(a), allows for a maximum possible penalty of ten years' incarceration, and, thus, fits comfortably within the ambit of 'serious drug offense' as that term is defined in 18 U.S.C. § 924(e)(2)(A)(ii)"); *see United States v. Gunn,* 962 F.Supp. 214, 215–16 (D.Mass. 1997), *aff'd* 141 F.3d 1150, 1998 WL 60404 (1st Cir.1988); *cf. McCarthy v. United States,* 135 F.3d 754, 756–57 (11th Cir. 1998) (treating statutory maximum penalty under Florida law as dispositive, notwithstanding that the Florida sentencing guidelines effectively capped the defendant's sentence for the prior offense at four and one-half years). Mr. Sanford's 1995 Possession of a Class B Controlled Substance With Intent to Distribute counts as a predicate offense under § 924(e)(2)(A)(ii).

---

**7.** Mass. Gen. L. ch. 265, § 15A(b):

Whoever commits an assault and battery upon another by means of a dangerous weapon shall be punished by imprisonment in the state prison for not more than 10 years or in the house of correction for not more than 2½ years, or by a fine of not

more than $5,000, or by both such fine and imprisonment.

**8.** The crime was originally charged under Mass. Gen. L. ch. 94C, § 32E but the Defendant pled to a violation of Mass. Gen. L. ch. 94C, § 32A.

#### 4. The 1998 Larceny From a Person Conviction.

■ Finally, the Court evaluates the Defendant's 1998 conviction for larceny from a person under Mass. Gen. L. ch. 266, § 25.[9] Gov't Ex. 4. The First Circuit has held larceny from a person under this Massachusetts statute bears an inherent risk of violent outbreak and constitutes a crime of violence within the meaning of § 924(e). *United States v. De Jesus,* 984 F.2d 21, 25 (1st Cir.1993). Accordingly, this Court must count this crime towards the Defendant's armed career criminal status.

#### D. The Career Offender Issue.

For unexplained reasons, the parties argued about the application of U.S.S.G. § 4B1.1, the career offender provision of the Sentencing Guidelines. This Court declines to address whether the career offender provision could be applied to Mr. Sanford. The Court concludes the Armed Career Criminal provisions of federal statutory law and the Sentencing Guidelines apply and, therefore, to consider the career offender question would be to issue an advisory ruling.

#### IV. Conclusion

This Court concludes all four of the Defendant's prior convictions qualify as predicate offenses under 18 U.S.C. § 924(e).

SO ORDERED.

---

9. Mass. Gen. L. ch. 266, § 25(b):
Whoever commits larceny from a person by stealing from the person of another shall be punished by imprisonment in the state prison for not more than five years or in jail for not more than two and one-half years.